# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1108V
Filed: May 11, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JUDY LINETTE GENTRY, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs; |
| | * | Respondent Does Not Object. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Howard Gold, Esq.,* Gold Law Firm, LLC, Wellesley Hills, MA, for petitioner.
*Linda Renzi, Esq.,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

      On September 6, 2016, Judy Linette Gentry ("Ms. Gentry," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that she developed transverse myelitis after receiving an influenza vaccination on September 27, 2013. *See* Petition ("Pet."), ECF No. 1. On May 4, 2018, the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulation. *See* Decision, ECF No. 24.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On May 10, 2018, petitioner filed a Motion for Attorneys' Fees and Costs requesting attorneys' fees in the amount of $15,933.00 and attorneys' costs in the amount of $1,110.19, for a total of $17,043.19.[3] Motion for Fees, ECF No. 27.

In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. Motion at 1.

On May 11, 2018, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 28. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3. Petitioner did not file a reply.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's motion for attorneys' fees and costs.

Accordingly, the undersigned **awards the total of $17,043.19**[4] in the form of a check jointly payable to petitioner and petitioner's counsel, Howard Gold.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] I have made no determination as to appropriate hourly rates in this matter; I merely conclude that the total sums requested seem reasonable and appropriate.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.